## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| VLADIMIR GUSINSKY, derivatively on behalf of Nominal Defendant SOUTHWEST AIRLINES CO., | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:25-CV-1816-K |
| v. | § § | |
| CHRISTOPHER P. REYNOLDS, DAVID CUSH, DAVID J. GRISSEN, DAVID P. HESS, DOUGLAS H. BROOKS, GREGG A. SARETSKY, LISA M. ATHERTON, PATRICIA A. WATSON, PIERRE R. BREBER, RAKESH GANGWAL, ROBERT E. JORDAN, ROBERT L. FORNARDO, SARAH FEINBERG, EDUARDO F. CONRADO, and ELAIN MENDOZA, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the State of Texas' Motion to Intervene (Doc. No. 43) and

Supplement to the Motion (Doc. No. 47) (together, the "Motion"). Having carefully

considered the Motion, the relevant portions of the record, and the applicable law, the

Court **GRANTS** the State of Texas' Motion.

## I.    Relevant Background

Plaintiff Vladimir Gusinsky, a shareholder of Southwest Airlines Co.

("Southwest"), brought this derivative action against Defendants on behalf of

Southwest, the Nominal Defendant in this case. *See generally* Pl.'s Compl. (Doc. No. 1). Defendants are members of Southwest's Board of Directors. *Id.* at 1. Plaintiff alleges breach of fiduciary duty against all Defendants. *Id.* at 40–41. Specifically, Plaintiff alleges that "Defendants failed to act in the best interests of the Company, eliminated the Bags Fly Free policy, approved the 2025 Proxy Statements, and adopted the Bylaw Amendments to entrench themselves." *Id.* at 41. Plaintiff further alleges that "Defendants adopted the Amended Bylaws for the sole purpose of reducing their risk of being held accountable to [Southwest] or its shareholders[.]" *Id.* Prior to this case, Defendants approved an amendment and restatement of Southwest's bylaws, which in relevant part state that "[n]o shareholder may institute or maintain a derivative proceeding unless that shareholder . . . beneficially owns at least three (3) percent of the outstanding shares of the corporation." *Id.* at 35. Related to these amendments, Plaintiff also seeks declaratory relief under 28 U.S.C. § 2201, alleging that Southwest's amended bylaws violate the Texas Constitution. *Id.* at 41–42. Plaintiff claims that this amendment to Southwest's bylaws (quoted above), as applied to Plaintiff, violates the Texas Constitution's prohibition against retroactive application of laws and its "Open Courts" provision. *Id.* at 42.

In response, Defendants filed their Motion to Dismiss Under Rule 12(b)(1), 12(b)(6), 23.1, and Based Upon Statutory Bar and Bylaw and Brief in Support (the "Motion to Dismiss") (Doc. No. 17). In their Motion to Dismiss, Defendants argue that Plaintiff's claims must be dismissed because Texas Senate Bill 29 ("SB 29"), signed

by Governor Greg Abbott prior to this case, authorizes Texas corporations to prohibit derivative lawsuits from a shareholder if the shareholder's beneficial ownership in the corporation is *less than three percent*. *See* Defs.' Mot. to Dismiss at 1 (emphasis added). According to Defendants' Motion to Dismiss, SB 29 was signed on May 14, 2025, and Defendants adopted the amended bylaws two days later. *Id.* Defendants state that, because Plaintiff's beneficial ownership percentage falls below three percent, he is barred from bringing this derivative suit. *See id.* at 1–2. Further, other filings related to SB 29 have been submitted to the Court. Multiple non-parties filed amicus curiae briefs in support of SB 29's application to this case and Defendants' Motion to Dismiss. *See* Doc. Nos. 29, 30, 36.

On October 3, 2025, Plaintiff filed his Rule 5.1 Notice of Constitutional Question (the "5.1 Notice") challenging the constitutionality of SB 29 and Texas Business Organizations Code § 21.552(a)(3). *See generally* 5.1 Notice (Doc. No. 41). "[P]laintiff challenges the constitutionality of the retroactive application of changes made to § 21.552(a)(3) by [SB 29] to this action." *Id.* at 2. That same day, the State of Texas filed its Motion to Intervene. *See generally* Mot. to Intervene (Doc. No. 43). The State of Texas seeks to intervene by filing its Intervenor Motion to Dismiss for Failure to State a Claim (the "Intervenor Motion to Dismiss") (Doc. No. 43-1). *See id.* at 2. The State of Texas later filed its Supplement to the Motion. *See generally* Suppl. to the Mot. (Doc. No. 47). Plaintiff is unopposed to intervention but is opposed to the Intervenor Motion to Dismiss. *See* Suppl. Certificate of Conf. at 1 (Doc. No. 46).

## II.    Analysis

The State of Texas asserts that because "the constitutionality of SB 29 has been directly placed at issue [by Plaintiff's 5.1 Notice] . . ., intervention as a matter of right is now required by 28 U.S.C. § [2403]." Suppl. to the Mot. at 1–2. For the following reasons, the Court **GRANTS** the Motion.

The court must allow intervention for anyone who "is given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1). 28 U.S.C § 2403 states that "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court . . . shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). Within 60 days of the filing of a notice of constitutional question regarding a state statute, the state attorney general may intervene in the case. *See* FED. R. CIV. P. 5.1(c).

"[I]n federal court proceedings drawing into question the constitutionality of a state statute, the court must . . . afford the state an opportunity to intervene on the constitutional issues." *Baker v. Wade*, 743 F.2d 236, 242 (5th Cir. 1984) (citing § 2403). Here, Plaintiff unequivocally calls into question the constitutionality of SB 29, a Texas state statute. *See* 5.1 Notice at 2. The State of Texas timely filed the present Motion. *See* FED. R. CIV. P. 5.1(c). In its Motion, the State of Texas makes clear its

4

motive for intervention: to argue that SB 29 is constitutionally valid. *See* Mot. to Intervene & Suppl. to the Mot. Further, SB 29, a state statute regulating the ability of shareholders to assert derivative claims, clearly "affect[s] the public interest." 28 U.S.C. § 2403. The Court finds that the State of Texas is entitled to intervention *as a matter of right* under § 2403. Accordingly, the Court **GRANTS** the Motion.

## III.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion. The Clerk is **DIRECTED** to add the State of Texas as an intervening party to this case. The Clerk is also **DIRECTED** to enter the State of Texas' Intervenor Motion to Dismiss, submitted as Doc. No. 43-1, **as of the date of this Order**. The Parties' briefing deadlines for the Intervenor Motion to Dismiss are set **as of the date of this Order**, in accordance with this Court's Local Civil Rules.

**SO ORDERED.**

Signed November 17th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

5