| | | |
|---|---|---|
| VLADIMIR GUSINSKY, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT SOUTHWEST AIRLINES CO., *Plaintiff*, | § § § § § § | |
| v. | § § | |
| CHRISTOPHER P. REYNOLDS, DAVID CUSH, DAVID J. GRISSEN, DAVID P. HESS, DOUGLAS H. BROOKS, GREGG A. SARETSKY, LISA M. ATHERTON, PATRICIA A. WATSON, PIERRE R. BREBER, RAKESH GANGWAL, ROBERT E. JORDAN, ROBERT L. FORNARO, SARAH FEINBERG, EDUARDO F. CONRADO, AND ELAIN MENDOZA, *Defendants*, | § § § § § § § § § § § § § § | CASE NO. 3:25-CV-01816-K |
| and | § § | |
| SOUTHWEST AIRLINES CO., *Nominal Defendant.* | § § | |

---

## <u>INTERVENOR STATE OF TEXAS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

---

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief for General Litigation Division

**STEPHANIE A. CRISCIONE**
Assistant Attorney General
Texas Bar No. 24109768
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................................... ii

TABLE OF AUTHORITIES .......................................................................................................... iii

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................... 2

ARGUMENT .................................................................................................................................. 5

    A.    The Texas Business Organizations Code as amended through SB 29 does not violate the Open Courts provision of the Texas Constitution...................................................................... 6

        1.    The jury waiver does not violate the open courts provision of the Texas Constitution.. 6

        2.    The 3% rule does not violate the open courts provision of the Texas Constitution. ...... 8

    B.    The Texas Business Organizations Code as amended through SB 29 does not violate the prohibition of retroactive laws. ....................................................................................... 9

        1.    The jury waiver does not violate the Texas Constitution's prohibition on retroactive laws. ...................................................................................................................... 10

        2.    The 3% rule does not violate the Texas Constitution's prohibition on retroactive laws. 10

    C.    As SB 29 is constitutional, Southwest acted within its legal authority when instituting the Amended Bylaws and, pursuant to the Amended Bylaws, Gusinsky does not have standing to sue. ............................................................................................................................ 11

PRAYER....................................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ainsworth v. Sw. Drug Corp.,*
  95 F.2d 172 (5th Cir. 1938) ..................................................................................... 6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................... 5

*Cantu v. Dominguez,*
  2009 Tex. App. LEXIS 7243 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet denied)... 9

*City of Tyler v. Likes,*
  962 S.W.2d 489 (Tex. 1997) ................................................................................... 9

*Cohen v. Beneficial Indus. Loan Corp,*
  337 U.S. 541 (1949) ............................................................................................... 5

*Connor v. Hooks,*
  2021 Tex. App. LEXIS 1648 (Tex. App.—Austin Mar. 5, 2021, pet. filed) ............................ 8

*Conroy v. McCraw,*
  2023 Tex. App. LEXIS 6412 (Tex. App.—Austin Aug. 22, 2023, no pet.) ............................. 8

*Fire Prot. Serv. V. Survitec Survival Prods.,*
  649 S.W.3d 197 (Tex. 2022) ................................................................................... 9

*Gensetix, Inc. v. Baylor Coll. Of Med.,*
  616 S.W.3d 630 (Tex. App.—Houston [14th Dist.] 2020, pet. disms'd) ................................ 6

*Houston Indep. Sch. v. Houston Chronicle,*
  798 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1990, writ denied) .................................... 10

*In re General Elec. Capital Corp.,*
  203 S.W.3d 314 (Tex. 2006) ................................................................................... 6

*In re J.W. Res. Exploration & Dev., Inc.,*
  2009 Tex. App. LEXIS 6676 (Tex. App.—Amarillo 2009, no pet.) ....................................... 6

*In re Occidental Chem. Corp,*
  561 S.W.3d 146 (Tex. 2018) ................................................................................... 11

*In re Prudential Co. of Am.,*
  148 S.W.3d 124 (Tex. 2004) ................................................................................... 6

*Johnson v. Jackson Walker, LLP,*
  247 S.W.3d 765 (Tex. App.—Dallas 2008, pet. denied) ....................................................... 6, 7

*Lagaite v. Pittman,*
  2012 Tex. App. LEXIS 3684 ................................................................................... 9

*Leonard v. Abbott,*
  171 S.W.3d 451 (Tex. 2005) ................................................................................... 8

*Lutostanski v. Brown,*
  88 F.4th 582 (5th Cir. 2023) ................................................................................... 5

*McCarrell v. Dunham & Jones Attys at Law, PC,*
  2020 Tex. App. LEXIS 6336 (Tex. App.—Austin Aug. 12, 2020) ....................................... 8

*Reed v. Cooper (In re Cooper),*
  405 B.R. 801 (Bankr. N.D. Tex. May 28, 2009) ................................................................. 7

*Reule v. Jackson,*

114 F.4th 360 (5th Cir. 2024) ................................................................................ 5

*Satterfield v. Crown Cork & Seal, Co.*,
268 S.W.3d 190 (Tex. App.—Austin 2008, no pet) ............................................. 5

*Sneed v. Webre*,
465 S.W.3d 169 (Tex. 2015)............................................................................. 5, 7

*Stallworth v. Bryant*,
936 F.3d 224 (5th Cir. 2019) ................................................................................ 5

*Univ. of Tex. Southwestern Med. Ctr. v. Estate of Arancibia*,
324 S.W.3d 544 (Tex. 2010)............................................................................... 11

*Walls v. First State Bank*,
900 S.W.2d 117 (Tex. App.—Amarillo 1995, writ denied) ............................ 9, 10

**Other Authorities**

Tex. Bus. Org. Code § 21.553(a) ............................................................................ 11
Texas Business Organizations Code §2.116(b) ................................................... 4, 7
Texas Business Organizations Code, Senate Bill 29 ("SB 29") ...................... passim
Texas Business Organizations Code] §21.552(a)(3) ................................................ 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 5

**Constitutional Provisions**

Texas Constitution Article 1 § 13 ............................................................................ 4
Texas Constitution Article I, § 16........................................................................ 4, 9
Texas Constitution Article III § 39 ........................................................................ 11

| | | |
|---|---|---|
| VLADIMIR GUSINSKY, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT SOUTHWEST AIRLINES CO., *Plaintiff*, | § § § § § § § § | |
| v. | § § | |
| CHRISTOPHER P. REYNOLDS, DAVID CUSH, DAVID J. GRISSEN, DAVID P. HESS, DOUGLAS H. BROOKS, GREGG A. SARETSKY, LISA M. ATHERTON, PATRICIA A. WATSON, PIERRE R. BREBER, RAKESH GANGWAL, ROBERT E. JORDAN, ROBERT L. FORNARO, SARAH FEINBERG, EDUARDO F. CONRADO, AND ELAIN MENDOZA, *Defendants*, | § § § § § § § § § § § § § § § | CASE NO. 3:25-CV-01816-K |
| and | § § | |
| SOUTHWEST AIRLINES CO., *Nominal Defendant*. | § § § | |

## INTERVENOR STATE OF TEXAS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TO THE HONORABLE JUDGE ED KINKEADE:**

Intervenor State of Texas ("the State") files this Motion for Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff Vladimir Gusinsky's ("Gusinsky") challenge to Nominal Defendant Southwest Airlines Co.'s ("Southwest") May 16, 2025, Amended Bylaws (the "Amended Bylaws") does not state a plausible claim for relief, as the Amended Bylaws comply with duly implemented legislative amendments to the Texas Business

1

Organizations Code, Senate Bill 29 ("SB 29"). The Legislature is empowered to codify common law principles, and, in this case, it acted within its constitutionally granted authority. Gusinsky indirectly challenges the validity of SB 29 as violative of the Texas Constitution. SB 29 does not violate the open courts provision of the Texas Constitution, nor does it violate the prohibition against retroactive laws. Gusinsky's complaint is thus barred, and it should be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gusinsky is an Illinois resident who owns 100 shares of Southwest's over 500 million shares of outstanding stock—constituting less than 0.00002% of Southwest's shares. Dkt 1 ¶ 26, Dkt 1-2 fn.1. Defendants include all members of Southwest's Board of Directors (collectively referred to as "the Board"). *Id.* ¶¶ 28-43. Southwest is a nominal Defendant, as Gusinsky purports to sue on its behalf. *Id.* ¶¶ 12, 27. Gusinsky contends that the Board breached its fiduciary duties because of its March 11, 2025, announcement that Southwest was rescinding its "Bags Fly Free" policy.[1] *Id.* ¶¶ 10-12. In addition, Gusinsky contends that Southwest's Amended Bylaws are contrary to Texas law. *Id.* ¶¶ 15-16. However, the Amended Bylaws coincide with the passage of SB 29 and echo the provisions of Section 21.552 of the Texas Business Organizations Code as amended through SB 29 that govern when shareholders can bring derivative lawsuits on behalf of publicly traded companies in Texas. *See* Dkt. 1-2.

At the core of this case is whether the Board exercised its proper business judgment when, on March 11, 2025, the Board announced Southwest had rescinded the "Bags Fly Free" policy in order to revive profitability and because of input from newly elected Board members. *Id.* ¶¶ 71-72.

---

[1] The State has no position on this issue.

On April 28, 2025, 45 days after Southwest's announcement, Gusinsky, through New York-based counsel, sent demand that the Board reverse its decision to eliminate the Bags Fly Free policy. Dkt. 1 ¶ 78, Dkt. 1-1.

While Southwest was considering the demand, Governor Greg Abbott signed SB 29 into law on May 14, 2025.[2] Section 13 of SB 29 revised Section 21.552(2) of the Business Organizations Code, adding certain requirements to bring a derivative lawsuit against a publicly traded company:

> [F]or a corporation with common shares listed on a national securities exchange[3] or a corporation that has made an affirmative election to be governed by Section 21.419 and has 500 or more shareholders, at the time the derivative proceeding is instituted, the shareholder beneficially owns a number of the common shares sufficient to meet the required ownership threshold to institute a derivative proceeding in the right of the corporation identified in the corporation's certificate of formation or bylaws, provided that the required ownership threshold does not exceed three percent of the outstanding shares of the corporation.[4]

The Texas Legislature made the affirmative decision to incorporate this so called "3% Rule" into law. SB 29 also allows corporations to incorporate a waiver of jury trial into their bylaws.[5] SB 29 passed both the Texas State of Representatives and Senate by two-thirds majority and immediately went into effect.[6] The amendments to the Business Organizations Code adopted by SB 29 only applied to suits instituted "on or after the effective date,"[7] i.e. any lawsuit filed after May 14, 2025.

On May 16, 2025, the Board approved the Amended Bylaws. Dkt. 1 ¶ 79. As part of the Amended Bylaws, Southwest incorporated Section 21.552(2) and set the required threshold at the maximum three percent. Dkt. 1 ¶ 79 The Amended Bylaws also affirmatively waived a jury trial

---

[2] S.B. 29, 89th Leg. Common Sub. (Tex. 2025).
[3] Southwest is publicly traded on the NASDAQ New York Stock Exchange, symbol LUV.
[4] Section 13, S.B. 29, 89th Leg. Common Sub. (Tex. 2025).
[5] Section 4, S.B. 29, 89th Leg. Common Sub. (Tex. 2025).
[6] Section 30 S.B. 29, 89th Leg., Common Sub. (Tex. 2025).
[7] Section 29, S.B. 29, 89th Leg., Common Sub. (Tex. 2025).

for any derivative lawsuit.[8] *Id.*

On June 27, 2025, Southwest responded to the demand. Dkt. 1-2. Citing SB 29, the 3% Rule, and the Amended Bylaws, Southwest took the position that Gusinsky had no authority to bring suit. Dkt. 1-2. Gusinsky claims that Southwest's response "does not comport with Texas and Federal law" without acknowledging the effect SB 29 has on his claims. Dkt. 1 ¶ 81.

On July 10, 2025, 55 days after the effective date of SB 29 and 11 days after Southwest responded to his demand, Gusinsky filed this lawsuit, seeking damages for breach of fiduciary duty, as well as declaratory and injunctive relief. Dkt. 1. Gusinsky complains the 3% Rule as instituted by the Amended Bylaws "shut the courthouse doors" on him. *Id*. ¶¶ 13, 86. Gusinsky contends "the Amended Bylaws falls outside the scope of authority granted by [Texas Business Organizations Code] §21.552(a)(3), and §2.116(b) because it is irreconcilable with Texas law as it relates to Plaintiff's claim." *Id.* ¶¶ 19, 110. Gusinsky also claims the jury waiver is "retroactive." *Id.* ¶¶ 14, 87.

Ultimately, he alleges "there is a controversy regarding the validity of the Amended Bylaws as it relates to Plaintiff, due to the Individual Defendants' violation of their fiduciary duties and because the Amended Bylaws, as applied to Plaintiff in this Action, conflict with law, including but not limited to the Texas Constitution's prohibition against retroactive laws (Article I, § 16); the Texas Constatation's Open Courts provision (Article 1 § 13)…." *Id.* ¶¶ 100.

Defendants filed their Motion to Dismiss on August 25, 2025. Dkt-17. Two separate associations filed amicus curiae briefs in support of Defendants. Dkt. 29, 30. The State moved to intervene and attached this Motion to the Motion to Intervene. Dkt-41.

---

[8] The State has no position on this issue.

**ARGUMENT**

Gusinsky's derivative suit should be dismissed. Gusinsky does not have standing to bring this claim and the Court is deprived of jurisdiction. As the plaintiff, it is on Gusinsky to prove jurisdiction. *See Reule v. Jackson*, 114 F.4th 360, 366 (5th Cir. 2024). In order for the court to have jurisdiction, the plaintiff must have standing. *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019). Without standing, the court does not have subject matter jurisdiction to hear a case or controversy. *Id* at 229. *See also Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023). Texas courts are clear that a court may dismiss a derivative lawsuit for lack of standing, i.e. when a litigant does not meet the criteria as a "shareholder." *See Sneed v. Webre*, 465 S.W.3d 169, 181 (Tex. 2015) (evaluating the plaintiff's qualifications for bringing a derivative lawsuit). Gusinsky does not meet the definition of "shareholder" implemented through SB 29, as he does not own 3% of the shares of Southwest.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate when the plaintiff has failed to provide fair notice of his claim and factual allegations that—when accepted as true—are plausible and rise above mere speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To the extent that Gusinsky challenges SB 29, SB 29 does not violate the requirement for open courts or the prohibition against retroactive laws under the Texas Constitution. There is a strong presumption of constitutionality, and that the Legislature understands the needs of its own people. *Satterfield v. Crown Cork & Seal, Co.*, 268 S.W.3d 190, 201 (Tex. App.—Austin 2008, no pet). The Legislature is well within its rights to establish any laws and regulations for the operations of businesses incorporated under its laws. *See Cohen v. Beneficial Indus. Loan Corp*, 337 U.S. 541, 549 (1949). The 3% Rule sets conditions precedent on who can sue rather than

barring suit altogether, and jury waivers are commonly used in contractual relationships like the one between shareholders and the boards of publicly traded companies.

A. **The Texas Business Organizations Code as amended through SB 29 does not violate the Open Courts provision of the Texas Constitution.**

SB 29 does not violate the open courts provision of the Texas Constitution. To launch a successful challenge under the open courts provision, the plaintiff must show 1) he has a well-recognized common law claim that is being restricted; and 2) the restriction is unreasonable or arbitrary when balanced against the statute's basis and purpose. *Gensetix, Inc. v. Baylor Coll. Of Med.*, 616 S.W.3d 630, 651 (Tex. App.—Houston [14th Dist.] 2020, pet. disms'd).

1. **The jury waiver does not violate the open courts provision of the Texas Constitution.**

A right to jury is not automatic in a civil case and can be waived if the proper fee is not paid. *In re Prudential Co. of Am.*, 148 S.W.3d 124, 130 (Tex. 2004). A jury trial can also be waived by contract and is not against public policy. *In re J.W. Res. Exploration & Dev., Inc.*, Cause No. 07-09-0189-CV, 2009 Tex. App. LEXIS 6676 at * 8 (Tex. App.—Amarillo 2009, no pet.) (citing *In re Prudential Co*, 148 S.W.3d at 132–33). The bylaws of a corporation constitute a contract between the company and its shareholders. *Ainsworth v. Sw. Drug Corp.,* 95 F.2d 172, 173 (5th Cir. 1938). A contractual jury waiver must be executed knowingly and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Id.* (citing *In re General Elec. Capital Corp*., 203 S.W.3d 314, 316 (Tex. 2006)). No statute bars jury waivers. *In re Prudential Co*, 148 S.W.3d at 132. A conspicuous jury waiver provision is prima facie evidence of a knowing and voluntary waiver. *Id.*

*Johnson v. Jackson Walker, LLP* is instructive. 247 S.W.3d 765 (Tex. App.—Dallas 2008, pet. denied). In *Johnson*, the plaintiff sought to bring a shareholder lawsuit, which was dismissed

by the trial court. *Id.* at 770. The plaintiff appealed, arguing the dismissal violated the constitutional right to a jury trial and open courts. *Id* at 769, 780. In affirming the dismissal, the Dallas Court of Appeals noted that the right to a jury trial is for an action enforced in law, and a derivative proceeding has been historically deemed a matter in equity. *Id.* at 780. *See also Reed v. Cooper (In re Cooper),* 405 B.R. 801, 811 (Bankr. N.D. Tex. May 28, 2009) (confirming derivative lawsuits are suits in equity); *Sneed*, 465 S.W.3d at 182 (same). *Johnson* should be dispositive, as derivative lawsuits clearly are not subject to the right to a jury trial.

Even if *Johnson* is not dispositive, SB 29 allows for a corporation to incorporate a waiver of jury trial in their Bylaws. TEX. BUS. ORG. CODE § 2.116. Acknowledging the need for a shareholder to waive jury knowingly and intelligently, the statute defines how a shareholder will obtain said knowing:

> (d) A person asserting an internal entity claim is considered to have been informed of the waiver of the right to a jury trial contained in the governing documents and to have knowingly waived the right in the action if the person:
> **(1)** voted for or affirmatively ratified the governing document containing the waiver; or
> **(2)** acquired an equity security of the domestic entity or any predecessor to the entity at, *or continued to hold an equity security of a domestic entity that has one or more classes of equity securities listed on a national securities exchange after, a time at which the waiver was included in the governing documents*.

*Id* (emphasis added)*.*

A shareholder derivative lawsuit is a civil action, and therefore there is no right to a jury trial. The Amended Bylaws are public.[9] The waiver is regular, 12-point font within the Amended Bylaws. Gusinsky continued and continues to hold securities of a Texas entity after the Amended

---

[9] https://www.southwestairlinesinvestorrelations.com/corporate-governance/corporate-bylaws-articles-of-incorporation-and-corporate-policies/corporate-bylaws-and-articles-of-incorporation

Bylaws came into effect. He had the ability and continues to have the ability to sell his stock if he does not agree with the waiver. SB 29 created a framework for publicly traded companies incorporated in Texas by integrating standing constitutional and contractual precedents. SB 29 is constitutional, and Southwest was within its legal authority to change its bylaws to add a jury waiver. Accordingly, Gusinsky has failed to state a claim.

### 2. The 3% rule does not violate the open courts provision of the Texas Constitution.

The 3% Rule does not "shut the courthouse doors" as Gusinsky contends. The legislative history of SB 29 and the 3% Rule indicates that the Texas Legislature intended to shield directors of Texas publicly traded entities from "frivolous lawsuits" by setting "fair thresholds for shareholder actions." *Author's/Sponsor's Statement of Intent*, 89th Tex. (statement of Sen. Bryan Hughes, Chairman, S. Committee on State Affairs). As the *amicus* brief filed by the Alliance for Corporate Excellence points out, there has been an epidemic of litigation led by inconsequential shareholders in order to put a vice on businesses and their directors. Dkt. 30, pp. 3-4.

Texas statutes have been implemented to limit access to lawsuits in order to prevent frivolous and harassing litigation. One statute of note is the vexatious litigant statute. Texas courts have repeatedly affirmed the constitutionality of the vexatious litigant statute, noting the delicate balance the statute strikes between the right to access courts and protecting defendants from abusive litigation by repeated, baseless lawsuits. *Leonard v. Abbott*, 171 S.W.3d 451, 456-57 (Tex. 2005); *Conroy v. McCraw*, Cause No. 03-22-00081-CV, 2023 Tex. App. LEXIS 6412 at *3 (Tex. App.—Austin Aug. 22, 2023, no pet.); *Connor v. Hooks*, Cause No. 03-19-00198-CV, 2021 Tex. App. LEXIS 1648 at * 5 (Tex. App.—Austin Mar. 5, 2021, pet. filed); *McCarrell v. Dunham & Jones Attys at Law, PC,* Cause No. 03-19-00783, 2020 Tex. App. LEXIS 6336 at * 6 (Tex. App.— Austin Aug. 12, 2020); *Lagaite v. Pittman*, Cause No. 01-10-00554, 2012 Tex. App. LEXIS 3684

(Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) at * 4, n. 6.; *Cantu v. Dominguez*, Cause No. 14-08-00156-CV, 2009 Tex. App. LEXIS 7243 at * 8 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet denied).

Like the vexatious litigant statute, SB 29 was implemented to limit troublesome litigation. SB 29 simply limits the ability of shareholders to bring derivative suits by allowing companies to institute a threshold percentage that a shareholder must own to bring suit, no greater than 3%. Southwest took said opportunity. Gusinsky owns less than 0.00002% of Southwest's outstanding shares. Dkt. 1. He has sued over 60 times in a similar fashion in district courts across the United States. Dkt 18 at App. 0300-301. This is the exact type of litigation SB 29 is meant to prevent. Gusinsky alone does not meet the threshold for filing a derivative lawsuit under Sections 21.551(2) and 21.552 of the Texas Business Organizations Code. This does not prevent him from contacting other shareholders to meet the threshold, as SB 29 allows nominal shareholders to aggregate their claims to meet the 3% threshold.[10]

**B.      The Texas Business Organizations Code as amended through SB 29 does not violate the prohibition of retroactive laws.**

The Texas Constitution prohibits the implementation of retroactive laws in order to protect expectations and "abuses of legislative power." Tex. Const. art. I, § 16; *Fire Prot. Serv. V. Survitec Survival Prods.*, 649 S.W.3d 197, 200-01 (Tex. 2022). However, this prohibition is not absolute. A statute is retroactive if it takes away or impairs *vested* rights under the law. *City of Tyler v. Likes*, 962 S.W.2d 489, 502 (Tex. 1997) (emphasis added); *Walls v. First State Bank*, 900 S.W.2d 117, 121 (Tex. App.—Amarillo 1995, writ denied). For a right under law to be vested, it "must be more

---

[10] Section 12, S.B. 29, 89th Leg. Common Sub. (Tex. 2025) (adding subsection c to Section 21.551(2), defining "shareholder" as "two or more shareholders acting in concert under an informal or formal agreement or understanding with respect to a derivative proceeding."

than a mere expectancy based on an anticipated continuance of an existing law…it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another." *Walls*, 900 S.W.2d at 121-22. The *Walls* court, citing *Houston Indep. Sch. v. Houston Chronicle*, 798 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1990, writ denied), ruled that the "triggering event for the vesting of a right is the resolution of the controversy or the entry of a final judgment on the claim." *Id* at 122. The Court noted that "no person [has] a property or vested interest in any rule of the common law, and neither the Constitution of the United States nor of this State forbids the abolition of common law rights of action to attain a permissible legislative object." *Id.* Ultimately, it ruled that "only final, nonreviewable judgments will be accorded the dignity of vested, constitutionally guarded rights." *Id.* At the time SB 29 was enacted, Gusinsky had no vested interest in either a jury trial or a derivative proceeding.

### 1. The jury waiver does not violate the Texas Constitution's prohibition on retroactive laws.

As stated in Section A.1, there is no common law right to a jury trial in a civil action. The "right" to a jury trial in a civil case only vests upon the pleading for a jury trial and the payment of the jury fee. Even after this "right" vests, the parties can agree to waive said right. Gusinsky had no vested right in a jury trial at the time SB 29 was enacted and Southwest subsequently amended its bylaws in comport with SB 29. The jury waiver in SB 29 is not retroactive and is thus constitutional.

### 2. The 3% rule does not violate the Texas Constitution's prohibition on retroactive laws.

Gusinsky's derivative action was not vested by the time SB 29 and Southwest's subsequent amendments went into effect. The Texas Business Organizations Code, even before SB 29, was

clear that a shareholder could not institute a derivative proceeding until "the 91st day after the date of a written demand." Tex. Bus. Org. Code § 21.553(a). Gusinsky only sent demand to Southwest on April 28, 2025, meaning he could not institute his suit until July 28, 2025. SB 29 went immediately into effect on May 14, 2025, as it passed by two-thirds majority in both chambers as permitted by Article III, Section 39 of the Texas Constitution.

The presuit demand is not a preservation of right to sue in any way—if anything, it is a condition precedent to the right to sue which would only arguably "vest" after the expiration of 91 days. The Texas Supreme Court has held that procedural statutes do not violate the prohibition on retrospective laws. *In re Occidental Chem. Corp*, 561 S.W.3d 146, 161 (Tex. 2018) (citing *Univ. of Tex. Southwestern Med. Ctr. v. Estate of Arancibia*, 324 S.W.3d 544, 546-48 (Tex. 2010)). Analyzing *Aranacibia*, the *Occidental Chemical Corp.* court noted that a presuit requirement, even when applied retroactively "generally takes away no substantive right but simply impacts a tribunal's power to hear the case." *In re Occidental*, 561 S.W.3d at 162. It further distinguished between intervening statutes that ousted jurisdiction, because "[s]tatutes . . . that do not deprive the parties of a substantive right and 'speak to the power of the court rather than to the rights or obligations of the parties' may be applied to cases pending at the time of enactment." The Texas Legislature had the authority to instill any limits it deemed necessary to the Texas Business Organizations Code. The 3% limitation simply speaks to the power of the court to hear the case and is not unconstitutional.

**C.** **As SB 29 is constitutional, Southwest acted within its legal authority when instituting the Amended Bylaws and, pursuant to the Amended Bylaws, Gusinsky does not have standing to sue.**

SB 29 is constitutional and not a violation of the open courts provision or the prohibition against retroactive laws. As SB 29 is constitutional, Southwest had every right to amend its bylaws

to utilize its provisions. Gusinsky, as a shareholder of Southwest, agreed to abide by the Amended Bylaws. Gusinsky does not own 3% of the shares of Southwest, and he cannot sustain this lawsuit. He has failed to state a claim, and his derivative proceeding should be dismissed.

## **PRAYER**

Intervenor State of Texas therefore respectfully requests the Court grant this Motion to Dismiss and dismiss Gusinsky's claims.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Stephanie A. Criscione Houser /s/*
**STEPHANIE A. CRISCIONE HOUSER**
Assistant Attorney General
Texas Bar No. 24109768
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov
**LEAD COUNSEL FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2025, a copy of the foregoing document was filed with the Court's electronic case filing ("ECF") system, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

*/s/ Stephanie A. Criscione Houser /s/*
Stephanie A. Criscione Houser
Lead Counsel for Intervenor